## McDowall *v.* Sheehan.

*(Supreme Court, General Term, Third Department.* February 18, 1891.)

1. Corporations—Stockholders—Personal Liability.
    The acceptance and retention of a certificate of stock for $1,000 by defendant, who has paid that amount to a manufacturing corporation, shows that he did not intend to make a gift of that amount to the corporation, but that he became a stockholder therein, and personally liable as such to creditors.

2. Same—Misrepresentations by Corporation—Effect on Creditors.
    The fact that defendant, when he subscribed for the stock, was falsely informed that the balance had all been taken, and that therefore he would incur no personal liability, will not avail him as against a creditor of the corporation, who knew nothing about the misrepresentations.

3. Same—Trustees—Services.
    One who has performed services for a corporation has a right of action against it, though he is one of its trustees.

Appeal from special term, Saratoga county.

Action by John McDowall against Cornelius Sheehan to charge the latter with personal liability as a stockholder of the Saratoga Union, a newspaper corporation. The action was brought under Laws N. Y. 1848, c. 40, § 10, which provides: "All the stockholders of every company incorporated under this act shall be severally and individually liable to the creditors of the company in which they are stockholders to an amount equal to the amount of stock held by them, respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded as prescribed in the following section; and the capital stock, so fixed and limited, shall all be paid in,—one-half thereof within one year, and the other half thereof within two years, from the incorporation of said company,—or such corporation shall be dissolved." At the trial it appeared that plaintiff had obtained a judgment against the Saratoga Union for $500, money advanced to the corporation, and for $1,752, services rendered for said corporation; that execution had issued thereon, and returned wholly unsatisfied; and that plaintiff had then instituted this action against defendant. The court found the following facts: "(1) The company known as the 'Saratoga Union,' mentioned in the complaint, was formed and the certificate executed on the 19th day of May, 1887, and filed about the 27th day of May, 1887. That said certificate was signed and acknowledged by Benjamin F. Judson, Edmond J. Huling, John W. Howe, John McDowall, (the plaintiff,) and R. F. Knapp, who were the incorporators of said company. Said certificate fixed the capital stock of said company at $10,000, to be divided into one hundred shares of $100 each. Said incorporators were named in said certificate as trustees for the first year. (2) That none of said incorporators were subscribers for stock, and at no time became bound to take any of the stock of said company. (3) That the first meeting of said incorporators was held on the 10th day of June, 1887, at which meeting said Huling was chosen president; said plaintiff, John McDowall, vice-president; said Howe, secretary; and said Judson, treasurer and general manager,—neither of said persons then being stockholders or subscribers for stock, and no money having then been paid or promised by either of said incorporators for stock to be is-

sued to them. (4) On the 25th day of May, 1887, and before said articles had been filed, Cornelius Sheehan, the defendant in this action, made his check payable to the order of John R. Putnam for the sum of $1,000, stating to Putnam that he designed it as a gift to help the enterprise, but not to pay it until he, said Sheehan, would not incur any further liability. Said Sheehan did not part with said check with any other or different intention than that expressed in said directions to said Putnam. Said Putnam intended to aid said enterprise in a similar manner by advancing the sum of $500, on the same or similar terms. (5) Previous to the 7th day of July, 1887, said Judson stated and represented to said Putnam that eighty-five shares of said capital stock had been subscribed for or paid for, whereas there had not then been any of the said capital stock either subscribed or paid for. That said Putnam believes said statement to be true, and communicated it to the defendant, and thereafter, on the 7th day of July, 1887, made his check, with the assent of the defendant, to the order of the plaintiff for the sum of $1,500, which check included the said $1,000 check left with said Putnam for the purpose above mentioned, and the said Putnam received two certificates of stock which had on that day been made out to the plaintiff,—one for $1,000, and the other for $500,—both of which contained an assignment in blank, signed by the said McDowall. Said Putnam would not have parted with said check had he not believed the said statement to have been true. Said defendant did not learn of the falsity of said statement upon which said check was procured until it was disclosed on the trial of this action. The plaintiff voted on said stock the same after as before said assignments in blank, and continued to act as such stockholder as long as such corporation existed, and said certificates of stock continued in his name on the stock-book of said company the same after as before said assignments, said defendant's name never having been entered on said books in any manner." Judgment was rendered for plaintiff in the sum of $1,000, and defendant appeals.

Argued before LEARNED, P. J., and MAYHAM, J.

*John Foley,* (*J. W. Crane,* of counsel,) for appellant. *Charles Lester,* for respondent.

LEARNED, P. J. There is sufficient evidence to show that defendant was a stockholder. He paid his $1,000, through Judge Putnam, to the company, and he received through Judge Putnam a certificate issued in the name of McDowall, and assigned by McDowall in blank. The acceptance and retention of this certificate showed that, instead of making a present of the $1,000 to the company, he took stock therein. It is true that he did not intend that his $1,000 should be so paid as to cause any personal liability, but Judge Putnam had been told that all the stock but $1,500 had been subscribed for, (or paid,) and had repeated this information to defendant, and thereupon had been authorized to pay the defendant's $1,000, together with his own $500. It turned out that the statement thus made to Judge Putnam was not true; but the plaintiff was not responsible for that error, and knew nothing of it. Nor can it be said that the plaintiff obtained anything by that untruthful statement, and thus became responsible for it. The money paid by Judge Putnam went to the company, and did not belong to the plaintiff. There can be no doubt that for work done by the plaintiff for the company he had a right of action against it, although he was a trustee. It was proper and necessary to prove the judgment against the company. The plaintiff then gave other evidence tending to show that the company owed him. Even if the liability on the note could not be a ground of recovery in this action because the action against the company was not commenced within the year, yet that objection does not lie against the cause of action for plaintiff's services; for the plaintiff's services continued till October, 1888, and in that month the action against the company was commenced. The defendant urges

that some of these services were rendered before the company was formed. This is immaterial, since a sufficient amount of service was rendered after the company was formed to make an indebtedness to the plaintiff of over $1,000, and the recovery is only for $1,000. The plaintiff was not a stockholder, although these shares had been issued to him. That had been done because defendant did not desire to appear as a stockholder. But plaintiff never paid for the share, and assigned the certificate to defendant at once; and defendant must have accepted it, for it was produced by him at the trial.

Judgment affirmed, with costs.